**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-6529**

———————

RICARDO ANTONIO CREWS,

                    Petitioner - Appellant,

          v.

HAROLD W. CLARKE, Director for the Virginia Dept. of
Corrections,

                    Respondent - Appellee.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.    James C. Turk, Senior
District Judge. (7:09-cv-00115-jct-mfu)

———————

Submitted:  October 21, 2011         Decided:  December 7, 2011

———————

Before NIEMEYER and GREGORY, Circuit Judges, and John A. GIBNEY,
Jr., United States District Judge for the Eastern District of
Virginia, sitting by designation.

———————

Affirmed by unpublished per curiam opinion.

———————

Neal L. Walters, Daniel Gocek, Third Year Law Student,
Phillip Brown, Third Year Law Student, UNIVERSITY OF VIRGINIA
SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville,
Virginia, for Appellant.  Kenneth T. Cuccinelli, II, Attorney
General, Matthew P. Dullaghan, Senior Assistant Attorney
General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On June 1, 2005, Ricardo Antonio Crews was found guilty of abduction with intent to defile; statutory burglary with intent to commit murder, rape, or robbery while armed with a deadly weapon; attempted robbery; rape; and three counts of use of a firearm in the commission of a felony. The court sentenced Crews to 601 months' imprisonment.

Crews timely appealed, but the state appellate court denied the appeal, relying on Arizona v. Youngblood, 488 U.S. 51 (1988). Crews's petition to the Virginia Supreme Court was denied. J.A. 166.

Crews's state petitions for a writ of habeas corpus were denied. J.A. 167, 194. Crews then filed timely a 28 U.S.C. § 2254 (2006) petition in the District Court for the Western District of Virginia alleging the state court violated his due process rights by denying his motion to suppress DNA evidence that had been destroyed by the police prior to trial, that the state failed to prove his guilt beyond a reasonable doubt, and that his trial counsel provided ineffective assistance. The court granted the state's motion to dismiss, again relying on Youngblood, finding that the state court's reliance on the same was not contrary to or an unreasonable application of law. J.A. 202.

3

In its dismissal, the district court noted differences between the present case and Youngblood and granted a certificate of appealability. J.A. 239. Crews timely filed his appeal. J.A. 242.

This Court reviews de novo a district court's denial of § 2254 relief. Conaway v. Polk, 453 F.3d 567, 581 (4th Cir. 2006). "[O]nce a certificate of appealability has issued, [this Court] may only grant habeas corpus relief if [the Court] find[s] that the state court's decision was 'contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.'" Allen v. Lee, 366 F.3d 319, 323 (4th Cir. 2004) (en banc) (quoting 28 U.S.C. § 2254(d)(1) (2006); Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).

A decision is "contrary to" clearly established federal law if it either applies a legal rule that contradicts prior Supreme Court holdings or reaches a conclusion different from that of the Supreme Court "on a set of materially indistinguishable facts." Buckner v. Polk, 453 F.3d 195, 198 (4th Cir. 2006) (quoting Williams, 529 U.S. at 412-13). The "unreasonable application" clause of § 2254(d)(1) applies if the "decision correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case, or is unreasonable in refusing to extend the governing legal principle

4

to a context in which the principle should have controlled." Conaway, 453 F.3d at 581-82 (internal quotation marks and citations omitted). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411.

We have reviewed the record and cannot say that the state court unreasonably applied the rule from Youngblood. Accordingly, we affirm.

Crews also argued on appeal that he did not receive effective assistance of counsel. He argues that this ineffective assistance of counsel led him to not raise the claim in state court that there was insufficient evidence for a reasonable factfinder to convict him. We assume without deciding that the district court's certificate of appealability covered this claim. Even assuming deficient performance of counsel, we cannot say that under the "doubly deferential" Strickland standard in the § 2254 context, Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009)), that Crews has met his burden that he was prejudiced by any such deficiency. We therefore affirm the

5

district court's rejection of Crews's ineffective assistance of counsel claim.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED